{¶ 1} Third-party defendant-appellant, Ohio Police and Fire Pension Fund, appeals the trial court's final divorce decree, entered on June 2, 2006, terminating the marriage of plaintiff-appellee Clayton Cunningham and defendant-appellee Linda Cunningham. Finding merit to the second assignment of error, we reverse and remand.
 {¶ 2} The record before us demonstrates that Clayton and Linda were married on August 22, 1992, and two children were born issue of the marriage, the first on June 11, 1993, and the second on February 22, 1996. On March 9, 2005, Clayton filed for divorce from Linda. Linda answered and counterclaimed for divorce, and also filed requests for temporary restraining orders, which the trial court granted.
 {¶ 3} During the course of the proceedings, Clayton advised the court that he was scheduled to retire on October 1, 2005, from the Cleveland Fire Department after 25 years of service. The court then issued an order joining the Ohio Police and Fire Pension Fund as a third-party defendant. The court also restrained Clayton from withdrawing, disposing or otherwise alienating his pension/disability benefits from the Fund and likewise restrained the Fund from disbursing any funds to Clayton.
 {¶ 4} Several times during the course of proceedings Clayton failed to comply with discovery requests and court orders. For example, Clayton failed to comply with *Page 4 
the court's order relative to the valuation of certain properties he and Linda owned, and the court subsequently learned that he had sold some of the property in violation of the court's prior orders.
 {¶ 5} Trial was set for April 2006; however, Clayton's attorney advised the court that he had not been in communication with Clayton and requested a continuance. Trial was reset for May 17, 2006, and Clayton's attorney was permitted to withdraw. Clayton was not present nor was he represented, and the case proceeded to trial on Linda's counterclaim.
 {¶ 6} On June 2, 2006, the trial court issued its final decree granting Linda a divorce from Clayton. In its decree, the court stated the following:
 {¶ 7} "The Court further finds that [Clayton] has violated numerous court orders to provide discovery, to appraise properties, to file a pretrial statement with the court, to appear before the court, to comply with temporary restraining orders, and to otherwise comply with this Court's support orders. * * *
 {¶ 8} "* * *
 {¶ 9} "IT IS FURTHER ORDERED, ADJUDGED AND DECREED that to recompense her [Linda], for the financial misconduct of [Clayton], as and for a distributive award,[Linda] be and hereby is awarded the entirety of [Clayton's] interest in the Ohio Police and Fire Pension Fund * * *. The Ohio Police and Fire *Page 5 
Pension fund is enjoined from making any payments to [Clayton], either directly or indirectly." (Emphasis in original.)
 {¶ 10} Clayton did not object to, or appeal from, the court's final decree. The Fund has filed this appeal and assigned three errors for our review. In its first assignment of error, the Fund contends that the trial court abused its discretion in failing to value the pension, in failing to assess Clayton's separate interest, and in failing to make specific findings regarding the portion of Clayton's pension property that was awarded to Linda. In its third assignment of error, the Fund argues that the trial court abused its discretion by awarding the entirety of Clayton's pension interest to Linda, thereby preventing the Fund from making the deduction authorized by Clayton to pay for health care coverage for himself and his dependent children. These two assignments of error raise an issue about the Fund's standing in this appeal. The issue of standing is jurisdictional in nature. Buckeye Foodsv. Cuyahoga Cty. Bd. of Revision, 78 Ohio St. 3d 459, 1997-Ohio-199,678 N.E.2d 917. Standing, therefore, must be addressed first.
 {¶ 11} "Appeal lies only on behalf of a party aggrieved by the final order appealed from." Ohio Contract Carriers Assn. v. Pub. Util.Comm. (1942), 140 Ohio St. 160, 42 N.E.2d 758, at the syllabus. "Under the common law, it is well settled that the right to appeal can be exercised only by those parties who are able to demonstrate a present interest in the subject matter of the litigation which has been prejudiced by the judgment of the lower court." Willoughby Hills v. C.C.Bar's *Page 6 Sahara, Inc., 64 Ohio St.3d 24, 1992-Ohio-111, 591 N.E.2d 1203. In order to have standing to appeal, the injury to the appellant "must be concrete and not simply abstracted or suspected." Ohio Contractors,71 Ohio St.3d at 320.
 {¶ 12} In its first assignment of error, the Fund argues that the trial court erred by failing to make specific findings pursuant to R.C.3105.171(G) in awarding Clayton's interest in the fund to Linda. It argues that the court failed to value the fund, and, in particular, the Fund argues that the trial court failed to distinguish which portion of Clayton's pension fund was marital and which portion was separate (or premarital). The burden of proof, however, to assert a separate property claim is on the party asserting the claim. Zeefe v. Zeefe (1998), 125 Ohio App.3d 600. Thus, this claim belongs to Clayton, not the Fund. Clayton, by not participating in the trial and failing to appeal, has waived objection to this issue. We, therefore, do not have jurisdiction to address the merits of the first assignment of error.
 {¶ 13} In its third assignment of error, the Fund argues that because the court awarded the entirety of Clayton's pension fund to Linda, it was prevented from making the deduction authorized by Clayton for his and his dependent children's health care coverage. The right to such a deduction is set forth in R.C. 742.45 and belongs to the covered person, i.e., Clayton. Again, Clayton, by not participating in the trial and by failing to appeal, has waived objection to this issue. Thus, the Fund does not have standing to challenge Clayton's right to a deduction from the fund and *Page 7 
we, therefore, do not have jurisdiction to address the merits of the third assignment of error.
 {¶ 14} The Fund does, however, have standing to challenge the issue raised in its second assignment of error. Specifically, the Fund argues that the trial court abused its discretion by prohibiting the Fund from paying any portion of Clayton's monthly retirement benefit to him. The Fund argues that the trial court's order of the distribution of the funds solely to Linda is an order directing it, in effect, to violate the law. We agree, and because we find that the Fund is aggrieved by the trial court's final order on this issue, the Fund has standing to appeal as to this issue. See Synder v. Synder, Jefferson App. No. 04 JE 16,2004-Ohio-7216.
 {¶ 15} We note first and foremost, that while the appellant has defined the issue as one of "abuse of discretion," this court does not find "abuse of discretion" to be the standard of review. Whether the trial court has complied with the applicable law in rendering its judgment, is not an issue of discretion, but rather a ruling that is reviewed here de novo. The trial court has no discretion to ignore applicable law.
In this case, the applicable law, R.C. 3105.81, provides as follows:
 {¶ 16} "A court that issues an order under section 3105.171
[3105.17.1] or 3105.65 of the Revised Code that provides for a division of property that includes a benefit or lump sum payment and requires one or more payments from a public retirement program to an alternate payee shall include in the order a requirement *Page 8 
that the payments be made in accordance with and subject to limitations set forth in sections 3105.82 to 3105.90 of the Revised Code."
 {¶ 17} R.C. 3105.85(A) limits the amount that can be deducted from a member's monthly benefit or lump sum payment and paid to an alternate payee to not more than fifty per cent of the monthly benefit or lump sum payment. Said section provides as follows:
 {¶ 18} "The total of the amounts described in division (D) of section3105.82 and section 3105.84 of the Revised Code shall not exceed fifty per cent of the amount of a benefit or lump sum benefit, or if withholding is to be made from more than one benefit or lump sum payment, fifty per cent of the total of the benefits or lump sum payments."
 {¶ 19} Thus, the trial court erred by ordering that the entirety of Clayton's pension fund be distributed to Linda, as such order was in violation of the law. Appellant' s second assignment of error is sustained and the case is reversed and remanded for further proceedings consistent with this opinion.
It is ordered that appellant recover from appellee costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to the Court of Common Pleas, Domestic Relations Division, to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
CHRISTINE T. McMONAGLE, JUDGE
 FRANK D. CELEBREZZE, JR., P.J., and COLLEEN CONWAY COONEY, J., CONCUR *Page 1