{¶ 24} I concur in judgment and opinion to substantially all of the majority opinion, including who has the burden of proof to establish the existence of a lease. However, I respectfully disagree with the majority opinion on who has the burden of proof to show non-production. That is, in my view, after Positron proves a valid lease or *Page 12 
leases exist, I believe the law places the burden of proof on the Weckbachers to prove that Positron's interest in the land has ended due to non-production.
 {¶ 25} The Weckbachers contend Positron or their predecessors in interest failed to maintain production according to the requirements of the lease. Positron contends the trial court erred because the trial court placed the burden of proof on Positron to show no gaps in production.
 {¶ 26} The ordinary rule is a party who asserts a claim carries the burden of proving that claim. See Huntington Natl. Bank v.Chappell, Lorain App. No 06CA8979, 2007-Ohio-2503, at ¶ 12.Cunningham v. Cunningham, Cuyahoga App. No. 88384, 2007-Ohio-2503, at ¶ 12. This includes the obligation to demonstrate the existence of any fact necessary to the prosecution of the claim. Hahn v. Satullo,156 Ohio App.3d 412, 2004-Ohio-1057, at ¶ 50, citing Krischbaum v.Dillon (1991), 58 Ohio St.3d 58. However, the established rule in oil and gas leases is the lessor must bear the burden of proving non-production. Hemingway, The Law of Oil and Gas (1991) Section 6.9; accord Litton v. Geisler (1945), 80 Ohio App. 491, 496; Somont Oil Co.v. AG Drilling, Inc. (2006), 332 Mont. 56, ¶ 8.
 {¶ 27} The failure to conduct operations in the secondary term operates much like a condition subsequent in a contract. The condition cuts off the lease and extinguishes the parties' obligations under the lease. "The main impact of this distinction between conditions precedent and subsequent has come, not in the law of contracts as such, but in the law of procedure. There it was accepted that the plaintiff had the burden of pleading and proof as to a condition precedent to the defendant's duty, but the defendant had the burden as to a condition subsequent." Farnsworth, *Page 13 
Contracts (4th ed. 2004) 507, Section 8.2. Here the Weckbachers contend Positron's interests in the oil and gas leases have terminated, and Positron's leases are therefore no longer in effect. Consequently, the Weckbachers bear the burden of proving non-production because they are the party asserting an event that extinguishes the admitted rights of the opposing party.
 {¶ 28} Accordingly, I dissent, in part.
 JUDGMENT ENTRY
It is ordered that the judgment be reversed and the case remanded for further proceedings consistent with this opinion. Appellants to recover of appellees costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Washington County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Kline, P.J.: Concurs in Judgment Opinion Dissents, in part, with opinion, as to burden of proof
Abele, J. McFarland, J.: Concur in Judgment Opinion *Page 1