**TONTI, Plaintiff-Appellee, v. TONTI et, Defendants-Appellants.**

Ohio Appeals, Second District, Franklin County.

No. 4688.   Decided November 2, 1951.

Estel O. Gifford, Columbus, for plaintiff-appellee.

Estel O. Gifford, James W. Huffman, Columbus, for the receiver.

Edward F. Lynch, Folkerth & Folkerth, Columbus, for defendants-appellants.

(NICHOLS, J, of the Seventh District sitting by assignment.)

## OPINION

By HORNBECK, PJ.

This is an appeal on questions of law from an order of the Common Pleas Court appointing a receiver for the defendants. The notice of appeal is given on behalf of defendants without designation. During the proceedings incident to the hearing on the motion for the appointment of receiver, Mr. Huffman said that he had represented all of the parties and Mr. Gifford stated that he represented three of the parties and in one place, some of the defendants indicated that he might have represented five of the parties. So that, the identity and the number of the defendants who actively prosecute the appeal do not clearly appear.

Counsel for appellants assign thirteen grounds of error and argue most of them at considerable length citing authority for the propositions advanced from Ohio and elsewhere. Most of the assignments are of a technical nature and many of them would have application if the suit was to subject the assets of an individual to a receivership.

The suit here is instituted on behalf of a member of a partnership. The relief sought is an accounting with the parties defendants and individuals whom it is alleged are members of the partnership and the corporations which it is averred are owned by the partnership. It is averred that on December 31, 1950, the plaintiff withdrew from the partnership under an agreement that he was to receive his interest in cash or equity; that he had originally invested the sum of $1800.00 and was to share equally with eight other members of the partnership in the benefits arising by reason of the operation of the partnership. It is averred that although the plaintiff has on many occasions demanded full statement of the assets of the partnership, he has been unable to secure it; that the records of the business are not properly kept; that there are numerous unpaid creditors; that the partnership owns many properties all of which are encumbered by mortgages and that the funds of the partnership are being diverted to the personal use of several of the partners; that the rents from the properties are being collected and are, plaintiff believes, being diverted to the personal use of some members of the partnership. It is averred that it is necessary for its preservation that a receiver be appointed to take charge of the property and collect the rents until such time as the interest of the plaintiff can be determined.

The prayer is for an accounting between the defendants and the plaintiff and there was a motion for the appointment of a receiver for the property and assets of the partnership. Sum-

mons was issued to designated defendants together with the notice of the motion of the plaintiff for the appointment of a receiver and the time for the hearing of the motion. Most of the defendants were served with summons, individually and as partners. One defendant, Alfred Tonti, at the time of the hearing was in Europe and the return of the Sheriff shows that he could not be found. This return as to the defendants other than Alfred Tonti clearly subjects them to the jurisdiction of the court. The Oil Well Supply Company v. Scott, 11 O. N. P. (N. S.) 123.

Upon hearing, the plaintiff supported the material averments of his petition by his testimony and, although certain defendants were represented by counsel, no testimony was offered to refute the statements of the plaintiff. Defendants moved for a dismissal at the conclusion of plaintiff's case which motion was overruled.

We shall not discuss the assignments of error separately but are satisfied to say that no error has intervened to the prejudice of the defendant which would require the setting aside of the appointment of the receiver.

The suit for an accounting is recognized as an equitable proceeding which supports the appointment of a receiver. Two grounds of §11894 GC appear either or both of which would support the action of the trial judge. They are No. 1 and No. 6.

Every presumption attends the validity and regularity of the order appointing a receiver. **Euclid Roxford Co. v. Bogar, 4 Abs 733.**

It is urged that in the absence of service upon all members of the partnership, the appointment of the receiver was not justified. This does not follow because numerous members of the partnership were served, not only with summons but with notice of the hearing and appeared and made such defense as would avail the partnership in its entirety. It should be noted that the receiver is merely the administrative arm of the court who takes charge of the assets of the partnership for the purpose of conserving them to the ends of equity and for the benefit of creditors generally. **Coe v. Cols. P. & I. R. Co., 10 Oh St 372; Merchants' Bank v. McLeod, 38 Oh St 174.**

The receiver does not take title to the property but merely the possession and the right to possession. No judgment can be taken against any defendant unless and until he is properly within the jurisdiction of the court. The trial judge shortly after the appointment of the receiver and directing him to take possession of designated assets of the partnership, released two of the corporations and twelve other pieces of real

estate from the receivership. Thus it is obvious that the trial judge is carefully protecting all interests and that no property will be sequestered which it does not reasonably appear belongs to the partnership or unless the partnership has a substantial interest in such property.

The business operations of this partnership are involved and extensive and upon the facts developed there is presented a case which clearly comes within the cognizance of the equity arm of the Court. It is typical of that class of cases wherein a receivership would seem to be the only feasible manner by which the respective interests of the partners and their creditors may be properly protected and determined.

Objections are urged to the individual who is named as receiver and to the attorneys who were named to represent her. All of these appointments were within the discretion of the trial judge and we find no abuse thereof. One of counsel for defendants indicated that he would not accept an appointment as counsel for the receiver if tendered to him.

The judgment will be affirmed.

MILLER, J, and NICHOLS, J, concur.