SCHULTZE, APPELLANT, *v.* SCHULTZE, APPELLEE.

(No. 2823—Decided November 10, 1964.)

*Mr. Arthur W. Meyring,* for appellant.
*Messrs. Jacobson, Durst, Pollak & Jacobson,* for appellee.

KERNS, P. J. This appeal is from an ancillary order of the Court of Common Pleas, Division of Domestic Relations, appointing a receiver in a divorce action.

Although the plaintiff, appellant herein, has set forth assignments of error as though this was an appeal on questions of law only, we note that the notice of appeal filed in the case designates the appeal as one on questions of law and fact, and an appeal bond has been furnished.

An order appointing a receiver is appealable on questions of law and fact (Section 2501.02, Revised Code), and we assume, therefore, that the parties to the action intended that the trial *de novo* before this court proceed upon the record now before us from the trial court.

In that court, the defendant, appellee herein, filed an amended cross-petition which provides in part as follows:

"Plaintiff is the owner of the business known as 'The Triple R Cafe' located at 2236 North Main Street, Dayton, Ohio. Said business was acquired entirely during the marriage of the parties and is encumbered by a mortgage executed jointly

by the parties to The Third National Bank and Trust Company of Dayton, Ohio with an approximate balance of $1,100.00. Plaintiff claims that said business had been without profit in the past two years; however, this defendant says that plaintiff has obtained considerably more gross revenue and profits from the operation of said business than he has claimed or has returned for tax purposes and that he has secreted the net profits thereof and thereby diminished the amount of support which properly should have come to the children of the parties and this defendant. Defendant further says that the above facts will be established by the appointment of a receiver and it would be in the best interests of this defendant, together with the children born of this marriage, for a receiver to be appointed and thereby to establish the actual profits from the operation of said business. Defendant says that if it should be established that there are no profits from said business, then same should be sold and the profits thereof applied to the debts of the parties with an equitable division of any remainder.''

Based upon these allegations, the defendant moved for the appointment of a receiver, and the trial court, after hearing substantial evidence from which conflicting inferences might reasonably be drawn, appointed a receiver to operate The Triple R Cafe for a period of thirty days.

Since the appeal from the order appointing a receiver is on questions of law and fact, this court must weigh the evidence and render such judgment or decree as the trial court could and should have rendered upon the original trial of the case. Section 2501.02, Revised Code. Hence, the sole question presented herein is whether the record furnishes a reasonable basis for the appointment of a receiver.

Ordinarily, the burden of showing the necessity for the appointment of a receiver is on the party applying for the receivership, and the appointment should not be made unless the evidence showing the necessity thereof is clear and satisfactory. 46 Ohio Jurisprudence 2d 646, Section 3.

In the present case, the allegations of the defendant's amended cross-petition are so "iffy" as to suggest, and her testimony in support thereof clearly shows, that the application for the appointment of a receiver was predicated entirely

upon a *feeling* that the plaintiff was misrepresenting the actual earnings of The Triple R Cafe.

On cross-examination, the defendant testified as follows concerning her request for the appointment:

"Q. You have filed an answer and amended cross-petition in this matter? A. I believe so, yes.

"Q. Did you read it? A. Yes.

"Q. I will refer you to the—I presume that is the second paragraph of page two. A. Second paragraph?

"Q. And ask if you will read that to yourself. A. Yes.

"Q. Did you read that before just now? A. Yes, I did.

"Q. Are those facts in there true? A. I believe they are, yes.

"Q. Do you know? A. No, I do not know.

"Q. Well, you have sworn to these facts. A. Yes, I have.

"Q. You do not know they are true? A. I do not know how much money he is taking in. I feel he is taking in more money, yes.

"Q. You feel that. Do you know how much money he is receiving there or taking in? A. At this time?

"Q. Did you know at any time? A. No."

We recognize that circumstances might arise justifying the appointment of a receiver to protect the interests of the parties to a divorce or alimony action. 45 American Jurisprudence 40, Section 43; 18 Ohio Jurisprudence 2d 57, Section 128. But in order to justify the appointment of a receiver, the person seeking such appointment must prove a probable interest in the fund or property for which the receiver is sought. 46 Ohio Jurisprudence 2d 650, Section 11. Here, the equities of the parties are dangling between the conflicting inferences produced by the evidence. The appointment is not sought to protect property. Rather, the appointment is sought to determine whether there is property subject to protection.

As clearly manifested by the record, the sole objective of the receiver sought in this case is to secure evidence—evidence, incidentally, which may prove to be no more reliable than the evidence presented at the trial of the case. This is neither the office of a receiver nor the objective of a receivership. 46 Ohio Jurisprudence 2d 644, Section 8.

Furthermore, it is common knowledge that divorce and alimony proceedings are usually attended with a certain amount of hostility and disbelief, and the approval of the appointment of short-term receivers in such cases for the sole purpose of securing evidence to impeach or sustain evidence presented in the course of a trial could lead to multiple receiverships and interminable litigation.

In this case, we understand the defendant's apprehension of the widening gap between purchases and net profits in the operation of The Triple R Cafe. We likewise recognize the right of the trial court to believe or disbelieve any of the testimony presented at the trial in determining the rights of the parties to this action.

But the evidence presented, in our opinion, is not such as to justify the appointment of a receiver.

*Judgment accordingly.*

SHERER and CRAWFORD, JJ., concur.