CUNNINGHAM, Appellee,

v.

OHIO POLICE AND FIRE PENSION FUND, Appellant.

[Cite as *Cunningham v. Ohio Police & Fire Pension Fund*, 175 Ohio App.3d 566, 2008-Ohio-218.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 90153.

Decided Jan. 24, 2008.

Stanard & Corsi Co., L.P.A., and Margaret E. Stanard, for appellee Linda Cunningham.

Marc Dann, Attorney General, and John T. Williams, for appellant.

Clayton Cunningham, pro se.

CHRISTINE T. McMONAGLE, Presiding Judge.

{¶ 1} This is the second time this domestic-relations action has been before this court on appeal, and this second appearance directly implicates our decision in the first appeal. The issue on appeal is whether the trial court could effectuate through the appointment of a receiver a pension distribution that this court specifically held was contrary to law.

{¶ 2} In June 2006, the trial court granted Linda Cunningham a divorce from Clayton Cunningham. In its order of final decree, the trial court found that Clayton had "violated numerous court orders to provide discovery, to appraise properties, to file a pretrial statement with the court, to appear before the court, to comply with temporary restraining orders, and to otherwise comply with [the trial court's] support orders." The court ordered, to "recompense" Linda for Clayton's "financial misconduct," and "for a distributive award," that the entirety of Clayton's interest in the Ohio Police and Fire Pension Fund be awarded to Linda. The court ordered the fund joined as a new party defendant to effectuate its order.

{¶ 3} The fund appealed the trial court's order. This court sustained the fund's assignment of error, finding that R.C. 3105.85(A) limits the amount that can be deducted from a pension fund member's monthly benefit or lump sum payment and paid to an alternate payee to 50 percent of the payment. *Cunningham v. Cunningham,* Cuyahoga App. No. 88384, 2007-Ohio-2503, 2007 WL 1508660 (*Cunningham I*). Therefore, we held that "the trial court erred by ordering that the entirety of Clayton's pension fund be distributed to Linda, as such order was in violation of the law." Id. at ¶ 19.

{¶ 4} Upon remand, Linda filed a motion in which she asked the court to appoint a receiver to receive all pension benefits to be paid to Clayton. The trial court granted Linda's motion without a hearing. In its judgment entry, the trial court found that Clayton "is entitled to receive 50% of the pension funds available from the Third Party Defendant, The Ohio Police and Pension Fund," and ordered Mark E. Dottore appointed as receiver "to receive any pension funds which are to be paid to [Clayton] or [Clayton's representative]."

{¶ 5} The fund now appeals from the trial court's judgment.

{¶ 6} First, we reject Linda's argument that this appeal does not involve a final, appealable order. Under R.C. 2505.02(B)(2), an order is final if it is "[a]n order that affects a substantial right made in a special proceeding." It is well established that an order appointing or removing a receiver is a final,

appealable order that affects a substantial right in a special proceeding. *Collins v. Collins,* Cuyahoga App. No. 87986, 2007-Ohio-283, 2007 WL 184666, at ¶ 7, citing *Forest City Invest. Co. v. Haas* (1924), 110 Ohio St. 188, 143 N.E. 549. See also *Parker v. Elsass,* Franklin App. No. 01AP–1306, 2002-Ohio-3340, 2002 WL 1380158, at ¶ 53.

{¶ 7} Second, we reject Linda's assertion that the fund does not have standing to bring this appeal. The fund has standing because the trial court's order appointing a receiver and ordering the receiver to receive payments made by the fund on behalf of Clayton prohibits it from paying any portion of Clayton's monthly retirement benefit to him. As we stated in *Cunningham I,* the trial court's order "is an order directing [the fund], in effect, to violate the law." 2007-Ohio-2503, 2007 WL 1508660, at ¶ 14. Because the fund is aggrieved by the trial court's order on this issue, the fund has standing to appeal. Id., citing *Snyder v. Snyder,* Jefferson App. No. 04JE 16, 2004-Ohio-7216, 2004 WL 3090237.

{¶ 8} Third, despite Linda's argument to the contrary, we note again that the standard of review is de novo, not abuse of discretion. As we stated in *Cunningham,* "[w]hether the trial court has complied with the applicable law in rendering its judgment, is not an issue of discretion, but rather a ruling that is reviewed here de novo. The trial court has no discretion to ignore applicable law." In any event, even under the abuse-of-discretion standard, we would find that the trial court grossly abused its discretion in appointing a receiver to effectuate a judgment that this court had previously held invalid.

{¶ 9} Finally, we reiterate the decision announced in *Cunningham I.* Succinctly, R.C. 3105.81 provides that any order dividing a public pension must comply with the provisions of R.C. 3105.82 to 3105.90. R.C. 3105.85(A) operates as a substantive limitation on the maximum amount that can be distributed to an alternate payee and constitutes a legal requirement that at least 50 percent of a pension is distributed directly to the member whose service created the pension entitlement. A trial court is without authority to approve a division of pension assets that deviates from these requirements. Here, the trial court's order appointing a receiver to receive Clayton's benefits does precisely that, in violation of R.C. 3105.85(A).

{¶ 10} The trial court's order also violates R.C. 742.47, which states:

{¶ 11} "Except as provided in sections 742.461, 3105.171, 3105.65, and 3115.32 and Chapters 3119., 3121., 3123., and 3125. of the Revised Code, sums of money due or to become due to any individual from the Ohio police and fire pension fund are not liable to attachment, garnishment, levy, or seizure under any legal or equitable process * * * whether those sums remain with the treasurer of the fund or any officer or agent of the board of trustees of the fund or are in the

course of transmission to the individual entitled to them, but shall inure wholly to the benefit of that individual."

{¶ 12} R.C. 3105.85(A) mandates that Clayton receive at least 50 percent of his pension benefit. Under R.C. 742.47, Clayton's 50 percent is not subject to "attachment, garnishment, levy, or seizure under any legal or equitable process." The court's order appointing a receiver and requiring the fund to pay Clayton's benefits to the receiver precludes his 50 percent from "inur[ing] wholly" to his benefit, as the statute requires, and in effective operates as an attachment or seizure of the money due Clayton. As a result, the court's order violates R.C. 742.47.

{¶ 13} Lastly, we find that R.C. 2735.01, which governs when a receiver may be appointed, contains no provision that would apply in this case. Although R.C. 2735.01(A) authorizes a court to appoint a receiver when it is shown that property or assets are in danger of being lost, this provision has no application to this case, because Clayton's receipt of the benefits he is statutorily entitled to receive cannot constitute a loss to Linda. Likewise, although R.C. 2735.01(C) provides that a court may appoint a receiver to carry a judgment into effect, this provision does not authorize a trial court to use a receiver to effectuate a judgment that an appellate court has reversed. Nothing in the law supports the trial court's attempt to resuscitate its invalid judgment through the appointment of a receiver.

{¶ 14} We are not unsympathetic to Linda's concerns regarding compensation for Clayton's financial misconduct and her entitlement to child and spousal support from Clayton. Nevertheless, we are constrained by the statutes as they are written; Linda's concerns can be addressed only by a legislature convinced that the present state of the law should be changed.

{¶ 15} The judgment is reversed, and the cause is remanded with instruction that the fund be permitted to pay Clayton Cunningham the 50 percent of his pension that is due him under the law.

Judgment reversed
and cause remanded.

BLACKMON and CELEBREZZE, JJ., concur.