[Cite as *DeBartolo v. Dussault Moving, Inc.*, 2011-Ohio-6282.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 96667**

---

## MICHAEL DEBARTOLO, ET AL.

PLAINTIFFS-APPELLANTS

vs.

## DUSSAULT MOVING, INC., ET AL.

DEFENDANTS-APPELLEES

---

**JUDGMENT:**
REVERSED AND REMANDED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas

Case Nos. CV-698119 and CV-684169

**BEFORE:**   S. Gallagher, J., Kilbane, A.J., and Blackmon, J.

**RELEASED AND JOURNALIZED:**   December 8, 2011

ATTORNEY FOR APPELLANTS

Brett M. Mancino
Janik L.L.P.
9200 South Hills Boulevard
Suite 300
Cleveland, OH   44147-3521


**ATTORNEYS FOR APPELLEES**

**For Dussault Moving, Inc.**

Michael J. Flament
R. Brian Moriarty
R. Brian Moriarty, L.L.C.
2000 Standard Building
1370 Ontario Street
Cleveland, OH   44113

**For Mid-America Management Corporation**

Evan T. Byron
Robert I. Chernett
Matthew J. McCracken
Chernett Wasserman, LLC
The Tower at Erieview
1301 East Ninth Street, Suite 3300
Cleveland, OH   44114

SEAN C. GALLAGHER, J.:

{¶ 1} This cause came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the trial court records, and briefs of counsel.

{¶ 2} Plaintiffs-appellants Michael DeBartolo and Steve Kerr ("appellants") appeal the decision of the Cuyahoga County Court of Common Pleas to appoint a receiver to sell the personal property at issue in this case. For the reasons stated herein, we reverse the judgment of the trial court and remand the matter for further proceedings.

{¶ 3} In January 2009, Mid-America Management Corporation filed a forcible entry and detainer action against appellants with regard to a leased apartment in Lakewood. After the filing of a counterclaim, the action was transferred to the Cuyahoga County Court of Common Pleas (Case No. CV-684169, "the Mid-America case"). During the proceedings in that case, the court issued a writ of restitution, providing for restitution of the premises on May 7, 2009. The court's judgment entry ordered appellants to remove their personal property from the premises "no later than May 14, 2009, by appointment only[.]"

{¶ 4} On July 9, 2009, appellants filed a complaint against Dussault Moving, Inc. ("Dussault") (Cuyahoga County Court of Common Pleas Case No. CV-698119, "the Dussault case"). In their complaint, appellants allege that they attempted to remove their personal property from the premises on

May 14, 2009, but their attempt was rebuffed by Mid-America. They further allege that they subsequently contracted with Corlett Movers to handle the moving and storage of their personal property, but Mid-America again refused their attempt to remove their property. They discovered that at some point prior to May 15, 2009, Mid-America contracted with Dussault to move and store their personal property, without the consent of appellants. Dussault admitted to moving appellants' personal property and storing it at its warehouse for $1,080 per month. Appellants brought claims against Dussault for replevin and conversion and sought possession of their personal property and monetary damages. They also filed a motion for order of possession. Dussault filed a counterclaim in which it asserted a "warehouseman's lien" and also sought storage fees.

{¶ 5} In August 2009, the Dussault case was consolidated with the Mid-America case, which still had pending claims. However, in April 2010 the trial court bifurcated the claims as between appellants and Dussault, and the matter proceeded to trial on the claims raised in the Mid-America case.

{¶ 6} With regard to the Dussault case, appellants filed a motion for summary judgment and a supplemental motion for summary judgment for replevin and conversion. Dussault filed a motion for summary judgment and a motion to appoint receiver and to sell property, citing Civ.R. 66. Without ruling on the dispositive motions, on March 15, 2011, the trial court ordered

the appointment of a receiver regarding the property at issue. Appellants timely filed a notice of appeal.

{¶ 7} Appellants raise three assignments of error for our review. As all of the assigned errors challenge the trial court's appointment of a receiver, we shall address them together.

{¶ 8} Initially, we recognize that an order appointing a receiver is a final, appealable order. "It is well settled that an order appointing a receiver is a final, appealable order that affects a substantial right in a special proceeding. *Cunningham v. Ohio Police & Fire Pension Fund*, 175 Ohio App.3d 566, 2008-Ohio-218, 888 N.E.2d 453, ¶ 6; see, also, R.C. 2505.02(B)(2)." *Hummer v. Hummer*, Cuyahoga App. No. 96132, 2011-Ohio-3767.

{¶ 9} However, to the extent appellants claim the trial court implicitly granted a judgment in Dussault's favor, we find no such ruling has been made by the trial court. Rather, the record reflects that the trial court has not ruled upon the dispositive motions. Therefore, issues pertaining to the merits of the parties' claims are premature and are not properly before us at this time. Our review is limited to the trial court's order appointing the receiver.

{¶ 10} A trial court has sound discretion to appoint a receiver, and an appointment will not be disturbed absent an abuse of that discretion. *State*

*ex rel. Celebrezze v. Gibbs* (1991), 60 Ohio St.3d 69, 73, 573 N.E.2d 62. "'A court in exercising its discretion to appoint or refuse to appoint a receiver must take into account all the circumstances and facts of the case, the presence of conditions and grounds justifying the relief, the ends of justice, the rights of all the parties interested in the controversy and subject matter, and the adequacy and effectiveness of other remedies.' 65 American Jurisprudence 2d (1972) 873, 874, Receivers, Sections 19, 20." Id. at fn. 3.

{¶ 11} Although a trial court is vested with sound judicial discretion to appoint a receiver, it does not have unbridled discretion. The authority of Ohio courts to appoint a receiver arises under R.C. 2735.01. The statute authorizes the appointment of a receiver in the following cases:

> **"(A) In an action by a vendor to vacate a fraudulent purchase of property, or by a creditor to subject property or a fund to his claim, or between partners or others jointly owning or interested in any property or fund, on the application of the plaintiff, or of a party whose right to or interest in the property or fund, or the proceeds thereof, is probable, and when it is shown that the property or fund is in danger of being lost, removed, or materially injured;**
>
> **"(B) In an action by a mortgagee, for the foreclosure of his mortgage and sale of the mortgaged property, when it appears that the mortgaged property is in danger of being lost, removed, or materially injured, or that the condition of the mortgage has not been performed, and the property is probably insufficient to discharge the mortgage debt;**
>
> **"(C) After judgment, to carry the judgment into effect;**

**"(D) After judgment, to dispose of the property according to the judgment, or to preserve it during the pendency of an appeal, or when an execution has been returned unsatisfied and the judgment debtor refuses to apply the property in satisfaction of the judgment;**

**"(E) When a corporation has been dissolved, or is insolvent, or in imminent danger of insolvency, or has forfeited its corporate rights;**

**"(F) In all other cases in which receivers have been appointed by the usages of equity."**

{¶ 12} "Because the appointment of a receiver is such an extraordinary remedy, the party requesting the receivership must show by clear and convincing evidence that the appointment is necessary for the preservation of the complainant's rights." *Equity Ctrs. Dev. Co. v. S. Coast Ctrs. Inc.* (1992), 83 Ohio App.3d 643, 649-650, 615 N.E.2d 662, citing *Malloy v. Malloy Color Lab, Inc.* (1989), 63 Ohio App.3d 434, 437, 579 N.E.2d 248. While a trial court is not statutorily obligated to conduct a hearing prior to appointing a receiver, a trial court abuses its discretion when it appoints a receiver without sufficient evidentiary support for the appointment. *Poindexter v. Grantham*, Cuyahoga App. No. 95413, 2011-Ohio-2915, ¶ 14-16.

{¶ 13} In this case, Dussault moved for the appointment of a receiver under Civ.R. 66. Civ.R. 66 merely states: "[a]n action wherein a receiver has been appointed shall not be dismissed except by order of the court. Receiverships shall be administered in the manner provided by law and as

provided by rules of court." As indicated above, the appointment of a receiver is governed by R.C. 2735.01.[1]

{¶ 14} Our review reflects that judgment had not been rendered on the claims and there is no indication that the property is in danger of being lost, removed, or materially injured. Further, there was no showing that any of the other grounds for an appointment of a receiver were present. The trial court did not hold a hearing on the motion and did not set forth any rationale in its opinion.

{¶ 15} Because none of the possible situations in law or equity for appointment of a receiver listed in R.C. 2735.01 were established, the trial court abused its discretion in appointing a receiver.[2] We reverse the decision of the trial court and remand the matter for further proceedings.[3]

---

[1] Although appellants claim a receiver may only be appointed with the consent of the parties, they have misconstrued the language of R.C. 2735.02. A receiver acts as an arm of the court and has been defined as "'[a]n indifferent person between the parties to a cause, appointed by the court * * *.'" *State ex rel. Celebrezze*, 60 Ohio St.3d 69, at fn. 4, quoting Black's Law Dictionary (6th Ed. 1990) 1268. Consistent therewith, R.C. 2735.02 prohibits the appointment of a "party, attorney, or person interested in an action" as receiver, "except by consent of the parties." We also find nothing in the record to indicate that ex parte communications occurred between Dussault's counsel and the court.

[2] We also note that the trial court did not require the receiver to post a bond. "The amount of the bond is not set by statute, and instead, is committed to the sound discretion of the trial court. Although the court has broad discretion in determining the amount of the bond, an adequate bond should be consistent with the value of the properties and assets that the receiver may possess during the expected period of the receivership." (Citation omitted.) *Hummer*, at ¶ 21.

[3] Nothing herein precludes Dussault from renewing its motion at a later time, provided grounds for an appointment of a receiver can be established.

Judgment reversed; case remanded.

It is ordered that appellants recover from appellees costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


SEAN C. GALLAGHER, JUDGE

MARY EILEEN KILBANE, A.J., and
PATRICIA ANN BLACKMON, J., CONCUR