[Cite as *Kuhlin v. Corner Bar*, 2013-Ohio-4163.]

STATE OF OHIO, CARROLL COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| JOHN KUHLIN, ET AL., | ) | |
| | ) | |
| PLAINTIFFS-APPELLEES., | ) | |
| | ) | CASE NO. 12 CA 879 |
| V. | ) | |
| | ) | OPINION |
| CORNER BAR, ET AL., | ) | |
| | ) | |
| DEFENDANTS-APPELLANTS. | ) | |

CHARACTER OF PROCEEDINGS:     Civil Appeal from Court of Common Pleas of Carroll County, Ohio Case No. 05CVH24452

JUDGMENT:     Affirmed

APPEARANCES:
For Plaintiffs-Appellees     Attorney Shirley Smith
1399 East Western Reserve Rd., Suite 2
Poland, Ohio 44514

For Defendants-Appellants     Attorney David Smith
26 South Lisbon Street
Carrollton, Ohio 44615

JUDGES:

Hon. Gene Donofrio
Hon. Joseph J. Vukovich
Hon. Cheryl L. Waite

Dated: September 20, 2013

DONOFRIO, J.

{¶1} Defendants-appellants, Van Hart, Inc., dba Corner Bar and Richard Hartong, appeal from a Carroll County Common Pleas Court judgment appointing a receiver for a liquor license and bar contents.

{¶2} This case began with a bar fight in 2004, at the Corner Bar. Following a bench trial, plaintiffs-appellees, John and Tommie Kulin, were awarded damages totaling approximately $258,000, plus interest. The judgment was joint and several against Van Hart, Inc., dba the Corner Bar, Calvin Perrine, and Bud Perrine. This court affirmed the judgment on appeal. *Kulin v. Van Hart, Inc.*, 7th Dist. No. 07 CA 850, 2008-Ohio-5050. Hartong is the president of Van Hart, Inc.

{¶3} On October 2, 2009, appellees filed motions for debtor's exams.

{¶4} On February 22, 2010, the trial court issued a writ of execution. Consequently various items in the Corner Bar were tagged and/or confiscated by the county sheriff.

{¶5} On July 27, 2010, appellant filed a motion to dismiss the writ of execution stating that appellees had yet to seize, hall away, store, or sell the tagged property. The trial court did not rule on this motion.

{¶6} On December 29, 2011, appellees filed a motion to appoint a receiver in aid of collection of judgment to take the liquor license and bar property for safekeeping and preparation for sale. The trial court held a hearing on the matter. It ultimately issued an order appointing a receiver for the liquor license and contents of the Corner Bar.

{¶7} Appellants filed a timely notice of appeal on March 29, 2012.

{¶8} Initially, we should note that although it does not determine the merits of the claims, an order appointing a receiver is a final, appealable order that affects a substantial right in a special proceeding. *Cunningham v. Ohio Police & Fire Pension Fund*, 175 Ohio App.3d 566, 2008-Ohio-218, 888 N.E.2d 453, ¶6.

{¶9} Appellants fail to raise assignments of error. Instead, they raise two "Issues for Review." Those issues are:

Whether the Trial Court erred in appointing a receiver to take

over and possess a liquor license and contents of a bar to satisfy a judgment without any showing of irreparable harm or loss to judgment creditor.

Whether the Trial Court erred in Ordering that a liquor license be handed over to a receiver for disposition and satisfaction of a judgment.

{¶10} Appellants' argument is somewhat disjointed. They make mention of a foreclosure action on a "family plot of property" that did not yield a net gain to appellees. And they state the motion to appoint a receiver is not ripe due to the "business judgment rule." Next, they refer us to a tax lien, which is not part of the record, that they attached to their brief.

{¶11} Appellants then go on to argue that a liquor permit is not subject to a transfer to receivership control. They assert that a liquor permit is a personal license that cannot be seized for satisfaction of a debt. Appellants state that the transfer of a liquor permit requires the approval of the Ohio Division of Liquor Control (ODLC).

{¶12} First, we must determine whether a receiver was appropriate in this case.

{¶13} A common pleas court may appoint a receiver "[a]fter judgment, to carry the judgment into effect." R.C. 2735.01(C). The decision to appoint a receiver under R.C. 2735.01(C) is subject to the trial court's sound discretion and will not be reversed absent an abuse of discretion. *Victory White Metal Co. v. N.P. Motel Systems, Inc.*, 7th Dist. No. 04 MA 245, 2005-Ohio-3828, ¶15. Abuse of discretion connotes more than an error of law or judgment; it implies the trial court's attitude was arbitrary, unreasonable, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶14} In determining whether to appoint a receiver, a court shall consider "all the circumstances and facts of the case, the presence of conditions and grounds justifying the relief, the ends of justice, the rights of all the parties interested in the controversy and subject matter, and the adequacy and effectiveness of other remedies." *State ex rel. Celebrezze v. Gibbs*, 60 Ohio St.3d 69, 75, 573 N.E.2d 62

(1991), fn. 3, quoting 65 American Jurisprudence 2d (1972) 873, 874, Receivers, Sections 19, 20.

**{¶15}** In this case, the trial court did not abuse its discretion in appointing a receiver. Appellees were awarded a $258,000 judgment and apparently have not been able to collect on this judgment. The fact that appellees attempted to recover on a foreclosure action and did not realize any funds to put toward the judgment supports the court's appointment of a receiver because it seems that other attempts to recover money toward the judgment have not been successful.

**{¶16}** Furthermore, the "business judgment rule," which appellants argue support their position, has no applicability to this case. The business judgment rule provides that a director of a corporation shall perform his duties in good faith and in the manner he believes to be in or not opposed to the best interest of the corporation and with the care an ordinarily prudent person in a like position would use in similar circumstances. R.C. 1701.59; *Miller v. Miller*, 132 Ohio St.3d 424, 2012-Ohio-2928, 973 N.E.2d 228, ¶34. This rule deals with corporations, not recovering money to satisfy a judgment.

**{¶17}** Additionally, the tax lien appellants reference is not part of the record. Therefore, we may not consider it. Moreover, it is unclear how the lien would have any bearing on the trial court's decision to appoint a receiver.

**{¶18}** Thus, the trial court did not abuse its discretion in appointing a receiver in this case.

**{¶19}** Next, we must determine whether appellants' liquor license was subject to the receivership.

**{¶20}** The ODLC has the exclusive authority to regulate the sale and consumption of alcoholic beverages. *Westlake v. Mascot Petroleum Co.*, 61 Ohio St.3d 161, 167, 573 N.E.2d 1068 (1991); R.C. 4301.10(A)(2). "No holder of a permit shall sell, assign, transfer, or pledge the permit without the written consent of the division." R.C. 43003.29(A).

**{¶21}** Although the ODLC has the sole authority to issue liquor permits, this

authority does not prohibit a court from appointing a receivership over a liquor license. Instead, when it would come time to sell/transfer the liquor permit, the ODLC would have to approve the transaction. Several cases support this approach.

**{¶22}** In *Banc of America Strategic Solutions, Inc. v. Cooker Restaurant Corp.*, 10th Dist. No. 05AP-1126, 2006-Ohio-4567, pursuant to a security agreement, Cooker granted Banc of America a security interest in equipment, fixtures, and "general intangibles." In a foreclosure action, a receiver (bank receiver) was appointed to oversee real property and other collateral including Cooker's 16 liquor permits. A dissolution complaint was subsequently filed and another receiver (second receiver) was appointed with authorization to liquidate the remaining assets. The second receiver filed a motion claiming Banc of America did not have a secured interest in the liquor permits because Ohio did not permit collateralization of such permits. Instead, the second receiver sought authority over the liquor permits. The trial court found that no security interest could attach to Ohio liquor permits and terminated the bank receiver's authority over the permits. Banc of America appealed.

**{¶23}** On appeal, the Tenth District found that Banc of America could not acquire a security interest in the liquor permits. In so finding, the court held

> [t]he transfer of any interest, including a security interest, in an existing permit requires the approval of the department of liquor control, and no chose in action, property right, or enforceable obligation is created in the transferee by such an unauthorized or unapproved transfer.

*Id.* at ¶10. The court left open the possibility of a receiver taking authority over a liquor permit subject to approval by ODLC of the sale or transfer of the permit.

**{¶24}** Other cases, while not directly addressing the issue at hand, have noted that receivers were granted authority over liquor permits.

**{¶25}** For instance, in *Continental Sawmill Limited Partnership v. Italian Oven L.L.C.*, 10th Dist. No. 00AP-204, 2000 WL 1455261 (Sept. 29, 2000), the receiver took possession of all liquor licenses held by the Italian Oven. The receiver and the

appellant, who claimed he had purchased the liquor permit at an auction, each filed applications with the ODLC to transfer ownership of the liquor license. The receiver then filed a motion to prohibit the transfer of the liquor license to the appellant. The appellant, who was not a party to the case, filed a motion to intervene. The trial court denied the motion and the appellant appealed. The court of appeals affirmed the trial court's judgment finding that the appellant's efforts to purchase the liquor permit without the ODLC's approval did not give him an interest in the permit.

{¶26} And in *Wilkens v. Boken, Inc.*, 8th Dist. No. 64230, 1993 WL 536082 (Dec. 23, 1993), the trial court granted the receiver the authority to sell Boken's liquor permit. The appellate court was then faced with how to distribute the proceeds the receiver obtained from the sale of the permit.

{¶27} Although there is not a great deal of case law on this issue, there is an Ohio Administrative Code section that is directly on point. Ohio Adm.Code 4301:1-1-14(A)(4) provides:

> (A) Upon written application on forms prescribed and furnished by the division and upon approval by the superintendent of liquor control, the ownership of a permit, location of a permit, ownership and location of a permit, or interests therein may be transferred, unless otherwise prohibited by law or rule.
>
> * * *
>
> (4) In the case of a receiver having been appointed for a permit holder, to such receiver and thereafter from such receiver to another person when such transfer is in connection with the bona fide sale of the business or personal property assets of such permit holder, or pursuant to an order of the commission or a court of competent jurisdiction when the other person and the location meet all other necessary requirements under rule and law.

{¶28} Thus, the Administrative Code specifically provides that a liquor permit

may be transferred to a receiver and, from the receiver to another person, so long as the transactions comply with the ODLC's requirements.

**{¶29}** Given the ODLC's exclusive authority over the transfer of liquor permits, the applicable Ohio Administrative Code section, and the manner in which other courts have dealt with liquor permits and receivers, we conclude that a liquor permit can be the subject of a receivership as long as the receiver obtains the ODLC's permission to transfer the permit. Thus, in this case the trial court did not abuse its discretion in granting the receiver authority over the Corner Bar's liquor license.

**{¶30}** Accordingly, appellants' issues for review are without merit.

**{¶31}** For the reasons stated above, the trial court's judgment is hereby affirmed.

Vukovich, J., concurs.

Waite, J., concurs.