[Cite as *Sobin v. Lim*, 2014-Ohio-4935.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 101292

**ROBERT SOBIN**

PLAINTIFF-APPELLEE

vs.

**CHUN BIN LIM, ET AL.**

DEFENDANTS-APPELLANTS

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-10-727635

**BEFORE:** Celebrezze, J., Boyle, A.J., and Jones, J.

**RELEASED AND JOURNALIZED:** November 6, 2014

**ATTORNEY FOR APPELLANT**

John C. Weisensell
23 South Main Street
Third Floor - Suite 301
The Nantucket Building
Akron, Ohio   44308


**ATTORNEYS FOR APPELLEE**

Marcel C. Duhamel
Vorys, Sater, Seymour & Pease, L.L.P.
2100 One Cleveland Center
1375 East 9th Street
Cleveland, Ohio   44114

Alan J. Rapoport
25700 Science Park Drive
Suite 270
Beachwood, Ohio   44122

FRANK D. CELEBREZZE, JR., J.:

{¶1} Appellant, Dr. Chun Bin Lim ("Lim"), brings this interlocutory appeal from a decision appointing a receiver over Trionix Research Laboratory, Inc. ("Trionix"), a company of which he is the majority shareholder and president. Trionix, now under the direction of a receiver and represented separately, does not appeal from that decision. Lim claims the court erred when it appointed a receiver over Trionix for a multitude of reasons.[1] He argues that appellee, Robert Sobin ("Sobin"), offered no evidence supporting his motion to appoint a receiver, that the court made no findings indicating that a receiver was necessary, that there were less severe sanctions that could accomplish the goal of discovery cooperation, and that the costs associated with the receivership should be borne by Sobin. After a thorough review of the record and law, we affirm the court's appointment of a receiver.

## I. Factual and Procedural History

{¶2} This protracted litigation began in 2010 as a shareholder dispute between Lim, Trionix, and Sobin, a former employee of Trionix. From the record, the following facts are gleaned.

{¶3} In approximately 1987, Sobin provided an early capital contribution to Trionix along with eight others, including Lim. Lim's contribution was the largest by far, and he received the majority of shares in the company. Through an employee stock purchase program, early employees received stock in exchange for lower salaries. By 1991, Sobin acquired a total of 665 shares through his capital contribution and employee stock purchases. Lim claims that all outstanding shares except his were sold back to Trionix by 1992. What Lim claims were

---

[1] Lim's assigned errors appear in the appendix to this decision.

payments made to shareholders to purchase back stock were not recorded as stock purchases, but as payment of back wages or repayment of capital contributions and interest. Apart from a 1997 shareholder meeting Lim disputes ever took place, Sobin admitted that he did not have contact with Trionix or Lim until 2010 when he asked Lim for company information so he could determine the value of his 665 shares of stock. Lim indicated he was the only shareholder. Sobin filed suit in 2010 seeking a declaratory judgment that he was a shareholder. He also claimed Lim breached his fiduciary duty to minority shareholders and sought an accounting. Lim filed a counterclaim.

{¶4} The matters were bifurcated, and the declaratory judgment action went forward while all other matters were stayed. A bench trial began on January 23, 2012. The trial court found that Sobin was the holder of 665 shares of Trionix stock on January 27, 2012. Lim and Trionix appealed the result of the declaratory judgment action to this court. On reconsideration, this court affirmed the trial court's determination. *Sobin v. Lim*, 8th Dist. Cuyahoga No. 97952, 2012-Ohio-5544. The Ohio Supreme Court declined jurisdiction, and the decision became final.

{¶5} Following remand and other proceedings, Sobin sent his first deposition notice, filed with the trial court on June 17, 2013, to Lim setting a date of July 17, 2013. Lim's deposition did not go forth. Sobin next attempted to schedule a deposition for September 6, 2013, which was filed with the court on August 6, 2013. This notice sought to depose Lim and any designated representative of Trionix. Again, the deposition did not go forth. On October 25, 2013, Sobin filed a motion to appoint a receiver as a result of Lim's refusal to cooperate in discovery after Lim indicated he would not attend the deposition. Lim also wished to fire his attorney. So on October 28, 2013, the attorney filed a motion to withdraw. The trial court set a hearing for both motions on November 21, 2013.

{¶6} At a November 21, 2013 hearing, Lim's attorney withdrew as counsel.[2] Thereafter, the trial court took up Sobin's motion to appoint a receiver. At the hearing, the court recognized that Sobin was asking for the appointment of a receiver as a sort of discovery sanction. It inquired whether there was an action for dissolution. Sobin explained that dissolution might be appropriate, but without information produced by the company, which Lim stubbornly refused to provide, it was impossible to assess. Lim argued that the motion to appoint a receiver as a discovery sanction was inappropriate because Sobin had not even filed a motion to compel at that point. An agreement was entered into on the record that Lim would not sell or encumber the building Trionix occupied during the pendency of the suit. The motion to appoint a receiver was then withdrawn.

{¶7} Sobin filed a motion on November 25, 2013, to compel Trionix and Lim to cooperate in discovery and to comply with discovery requests previously made. A copy of a December 4, 2013 letter appears in the record, drafted by Sobin's attorney and addressed to Lim, seeking acceptable dates for deposition. Lim admitted he did not respond to this letter. Lim sought additional time from the trial court to respond to Sobin's motion to compel, which was denied. On December 13, 2013, the trial court ordered Lim to appear for deposition no later than January 17, 2013. The order included a warning to Lim that if he "fails to abide by this order then he will be required to appear and show cause why he should not be held in contempt of court and will subject himself to the full range of Civil Rule 37 sanctions, including a default judgment."

---

[2] Lim's attorney still argued on his behalf at the request of the trial court because, until the journal entry was filed, the attorney was still the attorney of record for Lim and Trionix.

**{¶8}** Sobin filed a notice of deposition for Lim and a Trionix representative on December 18, 2013, to be taken on January 7, 2014. Depositions did not go forward on that date due to a severe snow storm. They were rescheduled to January 17, 2014. Lim refused to attend the deposition. Sobin filed a motion for sanctions on January 23, 2014. Sobin also filed another motion to appoint a receiver on the same date. The trial court held a hearing on February 24, 2014, which was attended by Sobin, his attorney, Lim, and his daughter. No attorney appeared to represent Trionix.

**{¶9}** On March 24, 2014, the trial court granted Sobin's motion for sanctions and to appoint a receiver. The court issued an opinion granting the appointment of a receiver as well as an order appointing Marcel C. Duhamel receiver and setting forth his rights and duties in the operation of Trionix. Lim filed a motion seeking to vacate the appointment on April 2, 2014. On April 24, 2014, Lim filed a notice of appeal prior to the trial court ruling on his motion to vacate.

**{¶10}** Lim assigns nine errors on appeal, but they all boil down to two categories:

I. The trial court erred in appointing a receiver over Trionix.

II. The trial court erred in ordering that the fees necessary for the receivership should be paid by Trionix.

## II. Law and Analysis

**{¶11}** Appellant separately assigns as error that the trial court erred in appointing a receiver because (1) Sobin did not present evidence entitling him to the appointment of a receiver, (2) Sobin did not show entitlement to a receiver by clear and convincing evidence, (3) it is not appropriate to appoint a receiver in order to secure evidence, (4) Sobin did not offer any evidence of irreparable harm, (5) appointment of a receiver had no material difference on the

preservation of any assets, (6) the court made no findings justifying the appointment, (7) there were several less stringent means the court could have employed, and (8) the appointment was improper because a receiver should not be appointed in situations where it would damage, destroy, or harm the asset over which a receiver is appointed.

{¶12} These separately assigned errors will be treated as one attacking the appointment of a receiver on varying grounds.

## A. Appointment of a Receiver

{¶13} First, an order appointing a receiver is an appealable order, capable of invoking this court's jurisdiction. "'It is well settled that an order appointing a receiver is a final, appealable order that affects a substantial right in a special proceeding.'" *Debartolo v. Dussault Moving, Inc.*, 8th Dist. Cuyahoga No. 96667, 2011-Ohio-6282, ¶ 8, quoting *Hummer v. Hummer*, 8th Dist. Cuyahoga No. 96132, 2011-Ohio-3767, citing *Cunningham v. Ohio Police & Fire Pension Fund*, 175 Ohio App.3d 566, 2008-Ohio-218, 888 N.E.2d 453, ¶ 6 (8th Dist.).

{¶14} The presentation of evidence to demonstrate that appointment is necessary is governed by a clear and convincing standard. *See, e.g., 2115-2121 Ontario Bldg., L.L.C. v. Anter*, 8th Dist. Cuyahoga No. 98627, 2013-Ohio-2995. "'Because the appointment of a receiver is such an extraordinary remedy, the party requesting the receivership must show by clear and convincing evidence that the appointment is necessary for the preservation of the complainant's rights.'" *Id*. at ¶ 14, quoting *Equity Ctrs. Dev. Co. v. S. Coast Ctrs., Inc.*, 83 Ohio App.3d 643, 615 N.E.2d 662 (8th Dist.1992). However, "[t]he decision to appoint a receiver is within the sound discretion of the trial court and will not be disturbed absent a clear abuse of discretion." *Id.,* citing *State ex rel. Celebrezze v. Gibbs*, 60 Ohio St.3d 69, 73, 573 N.E.2d 62 (1991). *See also Sullivans, Inc. v. Haehn*, 8th Dist. Cuyahoga No. 100150, 2014-Ohio-399. In

exercising discretion in appointing or refusing to appoint a receiver, a court ""*"must take into account all the circumstances and facts of the case, the presence of conditions and grounds justifying the relief, the ends of justice,* the rights of all the parties interested in the controversy and subject matter, and the adequacy and effectiveness of other remedies."""   (Emphasis added.)

*Debartolo* at ¶ 10, quoting *Celebrezze* at 73, fn. 3, quoting 65 American Jurisprudence 2d, Receivers, Sections 19, 20, at 873, 874 (1978).

> "The appointment of a receiver is the exercise of an extraordinary, drastic and sometimes harsh power which equity possesses and is only to be exercised where the failure to do so would place the petitioning party in danger of suffering irreparable loss or injury."   Owing to the extreme nature of the remedy is the requirement that the movant must demonstrate the need for a receiver by clear and convincing evidence. Once the movant has satisfied this burden, a trial court is vested with the sound discretion to appoint a receiver.

(Citations omitted.)   *Crawford v. Hawes*, 2d Dist. Montgomery No. 23209, 2010-Ohio-952, ¶ 33.

**{¶15}** R.C. 2735.01 sets forth the situations in which appointment of a receiver is warranted:

> A receiver may be appointed by the supreme court or a judge thereof, the court of appeals or a judge thereof in his district, the court of common pleas or a judge thereof in his county, or the probate court, in causes pending in such courts respectively, in the following cases:
>
> (A) In an action by a vendor to vacate a fraudulent purchase of property, or by a creditor to subject property or a fund to his claim, or between partners or others jointly owning or interested in any property or fund, on the application of the plaintiff, or of a party whose right to or interest in the property or fund, or the proceeds thereof, is probable, and when it is shown that the property or fund is in danger of being lost, removed, or materially injured;
>
> (B) In an action by a mortgagee, for the foreclosure of his mortgage and sale of the mortgaged property, when it appears that the mortgaged property is in danger of being lost, removed, or materially injured, or that the condition of the mortgage has not been performed, and the property is probably insufficient to discharge the mortgage debt;

(C) After judgment, to carry the judgment into effect;

(D) After judgment, to dispose of the property according to the judgment, or to preserve it during the pendency of an appeal, or when an execution has been returned unsatisfied and the judgment debtor refuses to apply the property in satisfaction of the judgment;

(E) When a corporation has been dissolved, or is insolvent, or in imminent danger of insolvency, or has forfeited its corporate rights;

(F) In all other cases in which receivers have been appointed by the usages of equity.

{¶16} Here, Sobin argued that a receiver was necessary under R.C. 2735.01(C) and (F), and also made arguments relating to (E).

### a. To Carry a Judgment Into Effect and Under Equity Principles

{¶17} Under the facts of this case, a receiver was necessary in order to effectuate a judgment of the court and to preserve Sobin's rights as a shareholder. Trionix is a small company with five employees, including Lim and two of his children. The evidence adduced at the hearing demonstrated that Lim dominated and controlled the company as its president and majority shareholder — its sole shareholder according to him. At the hearing, he indicated he would not accept the final judicial determination finding that Sobin was a shareholder of Trionix. Lim flatly refused to provide Sobin with any information about Trionix and kept repeating that the prior decision that established Sobin was a shareholder was void. The appointment of a receiver was necessary to preserve Sobin's rights as a shareholder and to carry that judgment into effect.

{¶18} Lim refused to turn over records relating to corporate finances, operations, assets, or value. He even refused to indicate how many outstanding shares of Trionix stock existed.

He did this both individually and as controlling shareholder and president of Trionix. In the most basic sense, Lim entirely frustrated the purpose of the finding that Sobin owned 665 shares of Trionix stock.

**{¶19}** The appointment of a receiver is also warranted under traditional principles of equity. Sobin sought, among other things, an accounting from Trionix. "It has been determined that a suit for an accounting is an equitable proceeding which supports the appointment of a receiver." *In re Estate of Utterdyke*, 11th Dist. Portage No. 92-P-0031, 1992 Ohio App. LEXIS 6226, *6 (Dec. 11, 1992), citing *Tonti v. Tonti*, 2d Dist. Franklin No. 4688, 118 N.E.2d 200 (1951). Trionix had no basis to refuse to provide proper information to Sobin as a shareholder. While judgment had not been rendered in Sobin's favor on the breach of fiduciary duty claim and for an accounting, the same was true in *Tonti* when the Second District upheld the appointment of a receiver under similar circumstances. *Id.* at 200.

**{¶20}** In a similar case, this court affirmed the appointment of a receiver where a party refused to issue shares of company stock to a party entitled to those shares pursuant to a court judgment. *Anter*, 8th Dist. Cuyahoga No. 98627, 2013-Ohio-2995. This court found the appointment necessary to carry the judgment into effect and to carry out an accounting. *Id.* at ¶ 18. The same conclusions regarding the accounting apply to this case. Lim fervently argues that the shares are non-redeemable as if that impacts a shareholder's rights to an accounting. It does not. Under long-standing principles of equity, the appointment of a receiver was proper in this case.

### b. Appointment as a Sanction in a Discovery Dispute

**{¶21}** Lim argues this case is similar to *Schultze v. Schultze*, 5 Ohio App.2d 261, 214 N.E.2d 841 (2d Dist.1964). There, a court of appeals reversed the appointment of a receiver

over a café operated by a husband and wife during the pendency of a divorce. The *Schultze* court held, "the sole objective of the receiver sought in this case is to secure evidence — evidence, incidentally, which may prove to be no more reliable than the evidence presented at the trial of the case." *Id*. at 263. The cases are not similar. *Schultze* did not involve action to effectuate a judgment and a request for an accounting that was refused after judicial determination that a party was an owner or shareholder. Further, the *Schultze* court's decision was also based on the lack of demonstrated interest in the café by the party seeking appointment. It held, "in order to justify the appointment of a receiver, the person seeking such appointment must prove a probable interest in the fund or property for which the receiver is sought[,]" and that right was only based on inferences in the case before it. *Id*. at 263, citing 46 Ohio Jurisprudence 2d, Section 11, at 650. Here, Sobin was determined to be a shareholder with an interest in Trionix.

{¶22} In affirming a trial court's decision to deny the appointment of a receiver, the Sixth District recognized that appointment for resolution of discovery disputes was not generally allowed. *Newcomer v. Newcomer*, 6th Dist. Lucas No. L-11-1183, 2013-Ohio-5627, ¶ 78. Lim claims this is all the present case represents. But here, there is more supporting the appointment of a receiver than a discovery sanction.

### c. Least Stringent Option

**{¶23}** The appointment of a receiver, while severe, was the least severe means of effectuating the trial court's prior decisions and enabling the lawsuit to move forward. Granting judgment in favor of Sobin and dismissing Lim's counterclaim or preventing Lim from offering a defense were options for the court given Lim's unequivocal refusals to recognize Sobin as a shareholder and provide information to which he was entitled. These are certainly more severe sanctions than appointment of a receiver.

**{¶24}** Lim claims there were less severe sanctions available to the court, but no plausible examples are pointed out. Lim argues that his deposition could have been conducted the day of the hearing. The record indicates the trial court offered to make the jury room available after the hearing so Lim could be deposed, but Sobin declined the offer. It was clear from the record that forcing Lim to sit for his deposition would not have resulted in Lim actually answering questions. Lim had, just moments before, indicated that the trial court had no authority over him and that its prior judgments were void. He indicated he would not submit to discovery and that Sobin was not a shareholder and not entitled to any information about him or Trionix.

**{¶25}** At oral arguments, Lim suggested that Sobin could have filed requests for admissions — a less stringent alternative to the appointment of a receiver. However, requests for admissions could not serve as an alternative for an accounting to which Sobin was entitled as a shareholder of Trionix. This may have solved a few of the discovery issues created by Lim's refusal to cooperate in the proceedings, but it would have been a wholly inadequate substitute for an accounting to which Sobin was entitled.

### d. Evidence of Insolvency

{¶26} Sobin also made arguments for and introduced evidence for appointment under R.C. 2735.01(E), although the trial court did not conclude that a receiver was necessary on this basis. Lim claims Sobin did not provide any evidence that Trionix was in danger of insolvency or that he would be materially harmed by the wasting of assets during the pendency of the litigation. The record in *Tonti*, 2d Dist. Franklin No. 4688, 118 N.E.2d 200 (1951), indicated a dire financial condition of the company over which a receiver was appointed, but the financial condition of Trionix is unknown in the record before this court.

{¶27} Sobin was prevented from obtaining information on the health of the company through discovery. Despite this hindrance, Sobin showed that Trionix was losing money every year and that company payroll expenses and charitable contributions were exceptionally high, leading to the conclusion that corporate assets were being wasted or misused.

{¶28} From various public records and incomplete tax records provided prior to and at the hearing, it was apparent that Trionix was losing money each year of operation for the recent past. Lim's family members also had salaries disproportionate to the income of the company. These were the only records from Trionix available to Sobin on the health of the company.[3] The trial court did not abuse its discretion in penalizing Lim rather than Sobin for Lim's incalcitrance. Lim argues that he produced unrebutted evidence of the financial viability of Trionix. The trial court did not err in disregarding the selective production of incomplete, unauthenticated documents where Trionix and Lim had numerous opportunities to disclose the financial condition of Trionix in the past and refused to do so.

---

[3] Public records searched by Sobin indicated that Trionix owned the building out of which it operated, and that building was unencumbered. But these records did not offer even a general picture of the financial health of the company.

**{¶29}** Regardless, the trial court did not base its decision to appoint a receiver on R.C. 2735.01(E), even though evidence was adduced on this subject and it may have influenced the court's decision. While most of the evidence Sobin introduced at the hearing was related to discovery and financial viability, the facts and circumstances of the case warranted the appointment of a receiver as explained above.

### e. Cooperation of Trionix

**{¶30}** Lim also argues that appointment of a receiver over Trionix was inappropriate where Trionix never failed to cooperate in discovery because Sobin never sought discovery from Trionix, only from Lim. This argument is disingenuous at best.

**{¶31}** At least two deposition notices and the motion to compel included the deposition of whichever Trionix representative the company designated with accompanying documents requested. No Trionix company representative attended any scheduled deposition or produced any of the requested documents.

### f. Factual Findings

**{¶32}** Lim also asserts the trial court failed to make any findings that appointment of a receiver was necessary. The court issued an entry granting Sobin's motion for the appointment of a receiver with the following conclusion on the subject:

> The plaintiff has moved to appoint a receiver under two provisions of section 2735.01 of the Ohio Revised Code: R.C. 2735.01(C), which allows for the appointment of a receiver to carry a judgment into effect, and R.C. 2735.01(F), permitting the appointment of a receiver on the grounds of equity. Additionally, Sobin suggests that a receiver might be justified under R.C. 2935.01(E) — providing corporate insolvency or the imminent danger of insolvency as grounds for a receiver — but he has no way of knowing that due to Lim's intransigence in refusing to provide any discovery about Trionix's business affairs.

Based upon the hearing evidence, Sobin proved both grounds for a receiver, and a separate order appointing the receiver will be journalized at the same time as this entry.

{¶33} After a review of the entire record, including the transcript of the February 24, 2014 hearing, this court concludes that the trial court's decision was not an abuse of discretion. The record demonstrates by clear and convincing evidence that appointment of a receiver over Trionix was necessary to effectuate a judgment and under traditional principles of equity.

{¶34} Lim's first eight assignments of error are overruled.

## B. Costs Associated with the Receivership

{¶35} Finally, Lim claims that the order went beyond the scope necessary to effectuate the goals established by the trial court, and therefore the costs of the receiver should be paid by Sobin rather than Trionix.

{¶36} "The primary purpose of a receiver is to carry out the orders of the * * * court, which has the power 'to exercise its sound discretion to limit or expand a receiver's powers as it deems appropriate.'" *Natl. City Bank v. Semco, Inc.*, 183 Ohio App.3d 229, 2009-Ohio-3319, 916 N.E.2d 857, ¶ 8 (3d Dist.), quoting *Celebrezze*, 60 Ohio St.3d at 74, 573 N.E.2d 62 (1991). A receiver is entitled to reasonable compensation for his services, which typically requires consideration of the interest involved, the amount of skill necessary to perform the duties of the receivership, and the time and labor expended. *Id*. at ¶ 11; 80 Ohio Jurisprudence 3d, Receivers, Section 174. The costs of the receivership generally are satisfied from the assets under receivership. Further,

> [p]arties who invoke the jurisdiction and process of a court for the appointment of a receiver by sufficient allegations and showing of necessity therefor, resulting in such appointment, do not become personally liable for the compensation of the receiver and the expenses of administration of an insolvent concern, in the absence of special circumstances calling for the application of equitable principles

creating such liability. Such debts and expenses are ordinarily payable out of the
corpus of the property.

*Richey v. Brett*, 112 Ohio St. 582, 148 N.E. 92 (1925), at the syllabus.

**{¶37}** R.C. 2735.04 sets forth the powers that a court may vest in a receiver, namely, "a receiver may bring and defend actions in his own name as receiver, take and keep possession of property, receive rents, collect, compound for, and compromise demands, make transfers, and generally do such acts respecting the property as the court authorizes." The bestowal of any of these powers will be affirmed absent an abuse of the trial court's discretion. *Semco* at ¶ 11.

**{¶38}** Lim points to *Anter,* 8th Dist. Cuyahoga No. 98627, 2013-Ohio-2995, where this court determined that the powers given to a receiver by the trial court were in excess of those necessary to carry out a judgment requiring a company to issue shares of stock and for an accounting. This court took issue with the lower court granting the receiver the power to tear down the only asset of the company under receivership. *Id*. The *Anter* court affirmed the appointment of a receiver and the charge of costs to the company over which a receiver was appointed, but concluded "that the trial court abused its discretion in granting the receiver powers and duties outside the scope of enforcing its judgment. The costs and fees incurred for duties performed unrelated to the enforcement of the judgment should be paid by [the party seeking appointment.]" *Id*. at ¶ 27.

**{¶39}** In this case, control over Trionix was necessary to effectuate the court's judgment. Corporate records necessary for an accounting, to which Sobin was entitled, were not produced. Preservation of corporate assets during the pendency of the suit may have resulted, but that was an ancillary result to a transfer of control required for an analysis of the company. Further, the evidence before the trial court was that Trionix was losing money every year and that family

members of Lim were inordinately benefitting from the company, causing the loss. The scope of the appointment was necessary to effectuate the court's judgment and to provide for an accounting given the closely-held nature of the company and the fact that three of its five employees were Lim and his daughters.

{¶40} Further, Lim has not pointed out how the powers bestowed on the receiver deviate from those necessary to carry the judgment into effect and to accomplish an accounting. The powers in *Anter* clearly went beyond the scope necessary to carry out the court's judgment because there was no pending litigation. But here, that is not the case. Therefore, the trial court did not abuse its discretion in outlining the receiver's powers and in ordering that the costs of the receivership come from the assets of Trionix.

{¶41} Appellant's ninth assignment of error is overruled.

### III. Conclusion

{¶42} Based upon the totality of the circumstances in the record, the trial court did not abuse its discretion when it appointed a receiver to administer Trionix. The receivership was necessary to effectuate a judgment of the court and an accounting under equity principles and to preserve the wasting assets of the company pending suit. Sufficient time has passed since the appointment for Sobin to gain access to the documents he is entitled to in an accounting. Perhaps the receivership should be concluded if Sobin's shares have been entered in the records of Trionix as outstanding and the receiver has verified that Trionix is a viable going concern.

{¶43} Finally, the powers bestowed by the trial court were not outside the jurisdiction of the court to grant. Therefore, the trial court properly ordered that the costs of the receivership be satisfied by Trionix.

{¶44} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


FRANK D. CELEBREZZE, JR., JUDGE

MARY J. BOYLE, A.J., and
LARRY A. JONES, SR., J., CONCUR

**APPENDIX**

Appellant's assignments of error:

I.   The trial court erred in appointing a receiver over the defendant-appellant Trionix Research Laboratory because the plaintiff-appellee did not present evidence entitling plaintiff-appellee to appointment of a receiver.[4]

II.   The trial court erred in appointing a receiver over the defendant-appellant Trionix Research Laboratory because the plaintiff-appellee did not prove by clear and convincing evidence the standards necessary to establish entitlement to the appointment of a receiver.

III.   The trial court erred in appointing a receiver over the defendant-appellant Trionix Research Laboratory because it is not appropriate for a court to appoint a receiver in ongoing litigation for purposes of securing evidence.

IV.   The trial court erred in appointing a receiver over the defendant-appellant Trionix Research Laboratory because there was a total lack of evidence of irreparable harm to the plaintiff-appellee, and indeed, no attempt to show any such irreparable harm.

V.   The trial court erred in appointing a receiver over the defendant-appellant Trionix Research Laboratory because the appointment of a receiver will make no material difference toward plaintiff-appellee's preservation of the plaintiff-appellee's alleged asset.

---

[4]   Trionix is not the appellant in this appeal, as the assignment of error states.

VI.   The trial court erred in appointing a receiver over the defendant-appellant Trionix Research Laboratory because the court made no findings supporting the entry of judgment appointing a receiver.

VII.   The trial court erred in appointing a receiver over the defendant-appellant Trionix Research Laboratory because there are several other less stringent means the court could have employed to protect the rights of the parties.

VIII.   The trial court erred in appointing a receiver over the defendant-appellant Trionix Research Laboratory because appointment of a receiver should not take place or occur in situations where the appointment of a receiver will damage, destroy, or harm the asset over which a receiver is appointed.

IX.   The trial court erred in including in its order appointing a receiver a provision that all expenses of the receivership, including the receiver's reasonable fee should be paid for from the revenue and other assets of Trionix because the trial court abused its discretion in granting the receiver powers and duties outside the scope of enforcing plaintiff-appellee's judgment that he is an owner of stock of Trionix.   The costs and fees incurred for duties performed unrelated to the enforcement of plaintiff-appellee's judgment should be paid by plaintiff-appellee, Robert Sobin.